George **DAILEY** and Mary Dailey, Plaintiffs,

v.

**HONDA MOTOR CO., LTD.,** American Honda Motor Company, Inc., Honda R & D North America, Inc. and Honda R & D Co., Ltd., Defendants.

No. NA 91–109 C.

United States District Court, S.D. Indiana, New Albany Division.

April 28, 1995.

Roger L. Pardieck, Barbara Stevens, Pardieck Gill & Vargo, Seymour, IN, for plaintiffs.

Randall R. Riggs, Ariane Schallwig Johnson, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for defendants.

## MEMORANDUM ENTRY ON MOTIONS *IN LIMINE*

BARKER, Chief Judge.

Plaintiffs and Defendants bring a host of motions *in limine*. Having considered the parties' arguments and authorities, the Court addresses two[1] of the motions—Plaintiffs' motion *in limine* regarding head apparel and Plaintiffs' motion *in limine* to preclude the mentioning of the constitutionality of punitive damages and rules as follows:

1. With respect to Plaintiffs' Motion *in limine* to preclude the mentioning during the trial of the constitutionality of punitive damages, the Court GRANTS Plaintiffs' motion, which Defendant has conceded.

2. With respect to Plaintiffs' Motion to exclude any mentioning of Plaintiffs' head apparel at the time of his accident or on helmet use or non-use in general, the Court GRANTS Plaintiffs' motion as to the issue of Defendants' liability subject to the conditions stated below. With respect to the determination of damages, the Court DENIES Plaintiffs' motion.

## I. DISCUSSION

Defendant contends that evidence of Dailey's failure to wear a helmet is relevant to the liability issues of incurred risk, misuse, and proximate cause.

### A. Incurred Risk

With regard to Defendants' affirmative defense of incurred risk, the issue before the trier of fact is whether Dailey had knowledge of the defect in the product (the ATC vehicle) which caused the injury. *See Hamilton v. Roger Sherman Architects,* 565 N.E.2d 1136, 1138 n. 3 (Ind.App. 1 Dist.1991). Whether Dailey knew or did not know that he could suffer head injuries if he did not wear a helmet has no bearing on the question of whether Dailey knew of the ATC's defect and proceeded to ride anyway. Accordingly, the Court finds that Dailey's non-use of his helmet is not relevant to the affirmative defense of incurred risk.

### B. Misuse

Regarding the defense of misuse, the key question for the trier of fact is whether it was foreseeable to Honda that riders of ATCs would not wear helmets. *See Underly v. Advance Machine Co.,* 605 N.E.2d 1186, 1189 (Ind.App. 4 Dist.1993). Only if the jury finds that it was unforeseeable to Honda that riders of ATCs would not wear helmets would evidence of Dailey's non-use of his helmet be relevant to establish the affirmative defense of misuse. As we have

1. The remaining motions are taken under advise- ment.

noted previously, foreseeability of the intervening misuse is a jury question. *See Montgomery Ward & Co. v. Gregg,* 554 N.E.2d 1145, 1156 (Ind.App. 1 Dist.1990). Accordingly, Defendants may only introduce evidence of Dailey's non-use of his helmet to support an affirmative defense of misuse if the jury finds that such a misuse was unforeseeable. Without such a finding, the Court will exclude the evidence of helmet non-use to establish misuse.

### C. Causation

Finally, Defendants maintain that evidence of Dailey's non-use of his helmet goes towards establishing that Dailey's injuries were not caused by the allegedly defective warnings and defective device, but rather by his failure to wear a helmet. We have found no authority that directly addresses this issue.

■ Indiana courts have noted, however, that "[p]roximate cause rules applicable to negligence actions are also applicable to strict product liability actions." *See Schooley v. Ingersoll Rand, Inc.,* 631 N.E.2d 932, 937 (Ind.App. 4 Dist.1994). In *Lucas v. Dorsey Corp.,* 609 N.E.2d 1191, 1199 (Ind.App. 1 Dist.1993), the court of appeals noted:

> A fundamental element of proximate cause 'is that the injury or consequence of the wrongful act be of a class reasonably foreseeable at the time of the act.' (citation omitted) ... The defendant's act need not be the sole proximate cause; many causes may influence a result.... Rather, the question is whether the wrongful act is one of the proximate causes rather than a remote cause.... Proximate cause is generally a question for the trier of fact.

In this case, even if Dailey's failure to wear his helmet is a proximate cause of his head injuries, so long as Plaintiffs can prove that the defective product was also a proximate cause, the existence of other proximate causes is irrelevant, unless his failure to wear a helmet was an unforeseeable superseding or intervening cause of his injury. As with the defense of misuse, the Court will only allow such evidence if Defendant establishes the unforeseeability of helmet non-use. To allow such evidence in absence of a finding of unforeseeability would be tantamount to adopting the doctrine of "avoidable consequences" [2] in the products liability context, a position rejected by the only authorities this Court has found on the subject. *See Dillinger v. Caterpillar, Inc.,* 959 F.2d 430, 438–440 (3d Cir.1992); *Vizzini v. Ford Motor Co.,* 569 F.2d 754, 766 (3d Cir.1977) (rejecting the doctrine of avoidable consequences in a safety belt case because it would be the same as allowing contributory negligence). The Court notes, however, that its ruling applies only to the determination of liability, not damages, because evidence of Dailey's failure to wear his helmet may be relevant in determining how much the damages stemming from Dailey's head injury should be mitigated.

### II. CONCLUSION

The Court grants Plaintiffs' motion on the constitutionality of punitive damages. The Court grants Plaintiffs' motion on head apparel as to the liability issues with the caveat that its ruling is subject to change should Defendants establish the unforeseeability of the non-use of helmets generally by ATC riders. Finally, the Court denies Plaintiffs' motion on head apparel as to the determination of damages.

It is so ORDERED.

---

**2.** Comment c to section 465 of the Restatement (Second) of Torts provides "apportionment may also be made where the antecedent negligence of the plaintiff is found not to contribute in any way to the original accident or injury, but to be a substantial contributing factor in increasing the harm which ensues."